IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNELLE HORSEY, | No. 4:24-CV-00825 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| B. MASON, | |
| Respondent. | |

MEMORANDUM OPINION

DECEMBER 12, 2024

Petitioner Donnelle Horsey initiated this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Horsey challenges his first denial of parole, claiming that the Pennsylvania Parole Board's decision violated his constitutional rights. For the following reasons, the Court will deny Horsey's Section 2254 petition.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Horsey is currently serving a 25- to 50-year sentence for—among other serious offenses—rape, involuntary deviate sexual intercourse, incest, and statutory sexual assault, which sentence was entered in 2001 by the Court of Common Pleas of Philadelphia County.[1] His controlling minimum and maximum incarceration

---

[1] *See* Doc. 13-5 at 4; *Commonwealth v. Horsey*, Nos. CP-51-CR-0904281-1999, CP-51-CR-0904451-1999 (Pa. Ct. Com. Pl. Phila. Cnty.).

dates are April 21, 2024, and April 21, 2049, respectively.[2] Horsey was denied parole on December 26, 2023—his first such parole hearing and denial.[3]

In its denial, the Parole Board provided the following reasons for its decision:

- [Horsey's] risk and needs assessment indicating [his] level of risk to the community.

- Reports, evaluations and assessment/level of risk indicates [Horsey's] risk to the community.

- [Horsey's] failure to demonstrate motivation for success.

- [Horsey's] minimization/denial of the nature and circumstances of the offense(s) committed.

- [Horsey's] refusal to accept responsibility for the offense(s) committed.

- [Horsey's] lack of remorse for the offense(s) committed.

- Other factors deemed pertinent in determining that [Horsey] should not be paroled: repeat sexual offender.

- The nature of [Horsey's] crime.[4]

The Parole Board further noted that Horsey would next be reviewed for parole "in or after" December 2025.[5]

---

[2]  Doc. 13-3 at 3.
[3]  *See* Doc. 13-6.
[4]  *Id.* at 2.
[5]  *Id.* at 3.

Horsey filed the instant Section 2254 petition on May 20, 2024.[6] He then amended his petition several days later.[7] Respondent was served with Horsey's amended petition and memorandum of law and timely filed a response.[8] Horsey eventually filed a traverse that complied with the Local Rules of Court,[9] and his Section 2254 petition is now ripe for disposition.

## II.   DISCUSSION

Horsey contends that the Parole Board's denial of parole was "unfair[], arbitrary[], capricious[], and unconstitutional[]."[10] In his lengthy memorandum of law, he appears to assert two claims: (1) the Parole Board "abused its discretion" when it "compelled" him to admit to criminal offenses, including dismissed or voluntarily withdrawn ("nolle prosequi") charges, in violation of his constitutional right against self-incrimination; and (2) the Parole Board "abused its discretion" by giving boilerplate reasoning for its denial to disguise racial discrimination and prejudice against sex offenders, violating Horsey's Fourteenth Amendment substantive due process and equal protection rights.[11] Neither claim is substantiated, and the Court will accordingly deny habeas relief.[12]

---

[6]  *See generally* Doc. 1.
[7]  *See generally* Doc. 8.
[8]  *See* Docs. 9, 13.
[9]  *See* Docs. 15, 16, 18-20.
[10] Doc. 8 at 1.
[11] *See* Doc. 8 at 1; Doc. 8-1 at 8, 9, 14.
[12] Respondent alternatively contends that Horsey failed to exhaust administrative remedies, so his petition should be dismissed. The Court, however, may forgo an exhaustion analysis and deny a habeas petition that fails on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a

### A. Claim 1 – Self-Incrimination

In his first claim, Horsey contends that the Parole Board violated his Fifth Amendment right against self-incrimination as applied to the states through the Fourteenth Amendment. He maintains that the Parole Board "compelled [him] to admit to the past crimes including unconvicted [sic] crimes during his testimony at the parole board hearing," thus "subjecting [him] to possible future criminal liability in order to make parole[.]"[13]

The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."[14] The Fifth Amendment applies with equal force to prisoners already convicted and imprisoned for an offense, prohibiting them from being compelled to bear witness against themselves or incriminate themselves in other criminal prosecutions.[15] To establish a Fifth Amendment violation, a defendant "must demonstrate two key elements: compulsion and use."[16]

Horsey's Fifth Amendment claim fails at both elements. First, he has not alleged or established how he was compelled to admit to "unconvicted" criminal behavior. Horsey simply asserts—without elaboration—that the Parole Board

---

writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
[13] Doc. 8-1 at 11.
[14] U.S. CONST. amend. V.
[15] *Roman v. DiGuglielmo*, 675 F.3d 204, 210 (3d Cir. 2012) (citing *Minnesota v. Murphy*, 465 U.S. 420, 426 (1984)).
[16] *Id.*

4

(somehow) "compelled" him to confess guilt to dismissed or voluntarily withdrawn charges. It is possible that Horsey is claiming that he was compelled through the threat of denial of parole. Yet to show compulsion, which is "the linchpin" of a Fifth Amendment claim,[17] a prisoner must face "the threat of consequences so 'grave' as to leave him no choice at all."[18] Horsey has not made such a showing or even proffered an allegation thereof. The mere threat of denial of parole—to which Horsey has no right or entitlement under Pennsylvania law— is not sufficient by itself to show compulsion for a Fifth Amendment claim.[19]

Horsey does not explicitly state that he was forced to choose between admitting to conduct underlying dismissed charges or being denied parole. In fact, the Parole Board provided multiple unrelated reasons for its denial, including Horsey's risk to the community, his failure to demonstrate motivation for success, and his status of being a *repeat* sexual offender. Yet even if the Court assumes for the sake of argument that Horsey was faced with this binary choice, it would not rise to the level of compulsion required for a Fifth Amendment claim.[20] Horsey's "sentence has not been lengthened, nor have the actual conditions of his imprisonment been altered."[21] Simply put, Horsey's allegations—even if

---

[17] *Id.* at 210.
[18] *Id.* at 211 (citation omitted).
[19] *See id.* at 214-15.
[20] *See id.*
[21] *Id.* at 214.

construed in the most black-and-white terms and taken as true—would not establish compulsion under the Fifth Amendment.

Second, Horsey has not established that his statements during the parole hearing were or could be used against him. That is, Horsey has not alleged or established the "use" element of a Fifth Amendment claim. In fact, it is unclear if Horsey admitted to the dismissed charges or exercised his right to remain silent. Regardless, even if Horsey is somehow arguing that an admission or refusal to admit was used against him in the parole determination itself, that argument is a nonstarter, as parole proceedings are not criminal prosecutions.[22]

### B.   Claim 2 – Substantive Due Process

In his second claim, Horsey contends that his substantive due process and equal protection rights were violated by the Parole Board's denial. He alleges that the Parole Board used "boilerplate" reasoning to disguise "racial discrimination" and prejudice toward sex offenders. While invoking two separate clauses of the Fourteenth Amendment, Horsey is essentially claiming that his parole denial was based on impermissible criteria and thus violates substantive due process.

The Fourteenth Amendment's due process clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of

---

[22] *Cf. United States v. Manuel*, 732 F.3d 283, 291 (3d Cir. 2013) ("A parole revocation hearing is not a criminal prosecution."); *see Richardson v. U.S. Parole Comm'n*, 236 F. Supp. 3d 168, 170-71 (D.D.C. 2017) ("Parole proceedings are not criminal prosecutions.").

the fairness of the procedures used to implement them."[23]  With respect to parole determinations, the United States Court of Appeals for the Third Circuit has held that a parole board's decision can violate an inmate's substantive due process rights if it applies "standards that are divorced from the policy and purpose of parole" or other "impermissible criteria."[24]  Specifically, the specter of a substantive due process violation is raised only when "a parole board considers a factor that 'shocks the conscience.'"[25]  If, however, there is "some basis" for the parole board's decision, and that basis is not "constitutionally impermissible" or conscience-shocking, a substantive due process challenge will fail.[26]

      Horsey's substantive due process claim is meritless.  His allegations that the Parole Board's decision was driven by invidious discrimination are entirely speculative.  His bald assertions that he "was denied parole because he is black and not white" and because he "is a black sex offender rather than a white sex offender"[27] are conclusory and lack any supporting evidence, statistics, or

---

[23] *Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

[24] *See Block v. Potter*, 631 F.2d 233, 236 & n.2, 238, 240 (3d Cir. 1980); *see also Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) ("In *Block*, the . . . panel majority concluded that in [using arbitrary criteria for denying parole], the [Parole Board] violated substantive due process in grounding its action on constitutionally impermissible reasons." (internal quotation marks omitted)).

[25] *Holmes v. Christie*, 14 F.4th 250, 267 (3d Cir. 2021) (quoting *Newman*, 617 F.3d at 782).

[26] *See Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

[27] Doc. 8-1 at 16; *see also id.* at 7, 17, 18.

comparator information.[28] Moreover, the Parole Board's decision included numerous, constitutionally permissible reasons for its denial of parole. None of its reasons are conscience-shocking or arbitrary.

The Court does not discount Horsey's claims that he has made significant progress toward rehabilitation during his incarceration.[29] Such efforts are commendable. But his disagreement with the Parole Board's decision does not establish a right to habeas corpus relief. "[F]ederal courts, on habeas review, are not to 'second-guess parole boards,' and the requirements of substantive due process are met if there is some basis for the challenged decision."[30] Horsey's conclusory, unsupported allegations of discrimination simply do not provide a basis to "second-guess" the Parole Board.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Horsey's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court likewise declines to issue a certificate of appealability, as Horsey has failed to make a substantial showing of

---

[28] Horsey has proffered declarations from several inmates in support of his Section 2254 petition. *See* Docs. 17-2 through 17-6. However, these declarations, which appear to be identical, do not provide any evidence or testimony of racial discrimination or prejudice toward sex-offenders by the Parole Board. Rather, they contain the same conclusory allegations that appear in Horsey's petition. *See id.* And while the declarants aver that they "have personal first-hand knowledge of the Pennsylvania Parole Board denying parole to prisoners of color and granting white prisoners parole unequally," they do not provide any information or details as to what this "knowledge" entails or how they know the parolees were similarly situated to those denied parole. *See id.*

[29] *See* Doc. 8-1 at 5-7.

[30] *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002) (quoting *Coady*, 251 F.3d at 487).

8

the denial of a constitutional right,[31] or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct.[32] An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[31] 28 U.S.C. § 2253(c)(2).
[32] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).